UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

MARK OSYTERBACK,
ANTHONY L. COOPER,
et al.,

            Plaintiffs,

v.                                                    Case No. 3:05-cv-662-J-99MCR

GOV. JEB BUSH, et al.,

            Defendants.

## ORDER OF DISMISSAL WITHOUT PREJUDICE

Plaintiff Cooper, an inmate of the Florida penal system who is proceeding pro se, initiated this action by filing a pleading entitled, "'(Emergency - Notice)' of Class Member Affiant Emergency Assitants [sic] Relief Requested Motion Notice to Courts" (Doc. #1) (hereinafter Complaint)[1] on July 11, 2005. On April 26, 1996, the President signed into law the Prison Litigation Reform Act

---

[1] Plaintiff Cooper lists Mark Osyterback as an additional Plaintiff. Mark Osyterback does not appear on the Florida Department of Corrections' website as an offender in the custody of that department. Even if Mark Osyterback exists, he did not sign the Complaint. It is clear that Plaintiff Cooper is not authorized to file this Complaint on behalf of another individual. See Gonzales v. Wyatt, 157 F.3d 1016, 1021 (5th Cir. 1998) ("where [a] document is tendered and signed by a nonlawyer on behalf of another, then there comes into play the underlying principle itself, namely that in federal court a party can represent himself or be represented by an attorney, but cannot be represented by a nonlawyer") (citing Eagle Associates v. Bank of Montreal, 926 F.2d 1305, 1308-09 (2nd Cir. 1991)). Accordingly, the Court will dismiss Plaintiff Osyterback for his failure to sign the Complaint. See Fed. R. Civ. P. 11 and Local Rule 1.05(d). Furthermore, it appears that Plaintiff Cooper is attempting to initiate a class action. However, the class action allegations will be stricken for Plaintiff Cooper's failure to comply with Local Rule 4.04(a).

(hereinafter PLRA) which amended 28 U.S.C. § 1915 by adding the following subsection:

> (g) In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

The Court takes judicial notice of Case Number 4:02cv76-RH, which was brought by Plaintiff Cooper[2] in the United States District Court for the Northern District of Florida, Tallahassee Division. In a Report and Recommendation (Doc. #4) entered in that case on March 7, 2002, the court recommended that Plaintiff's case be dismissed because he had filed the following cases in that court that were dismissed on the grounds that they were frivolous, malicious or failed to state a claim upon which relief may be granted: (1) 3:00cv135; (2) 4:98cv197; (3) 3:00cv89; and, (4) 3:00cv51. The Report and Recommendation was adopted by the District Court Judge, and the case was dismissed on April 18, 2002.

---

[2] The docket sheet in that case, which is available for viewing on the Pacer Service Center's U.S. Party/Case Index, shows that this case was brought by Plaintiff because the name and inmate number of the Plaintiff in that case are identical to the name and inmate number of the Plaintiff in this case. See http://pacer.uspci.uscourts.gov/index.html.

Because Plaintiff Cooper has had three or more qualifying dismissals and is not under imminent danger of serious physical injury,[3] this action will be dismissed without prejudice. Plaintiff Cooper may initiate a new civil rights action by filing a new civil rights complaint form and paying the full $250.00 filing fee.

Even assuming that Plaintiff could meet the imminent danger exception to dismissal, this case will be dismissed due to the following deficiencies. Although the Complaint is largely incomprehensible, it appears that Plaintiff is attempting to raise civil rights claims; however, he failed to use the appropriate form to present these claims. Additionally, it appears that he has raised numerous unrelated claims in his Complaint. Plaintiff also failed to allege or show that he exhausted his administrative remedies with respect to each of his claims. See 42 U.S.C. § 1997(e). Furthermore, Plaintiff did not advise the Court of his prior civil rights actions so that the Court can determine whether

---

[3] Plaintiff Cooper claims that he is in imminent danger of being murdered or committing suicide. Plaintiff Cooper's vague and conclusory allegations are insufficient to trigger the "imminent danger of serious physical injury" exception to dismissal under § 1915(g). See Luedtke v. Bertrand, 32 F.Supp.2d 1074, 1077 (E.D. Wis. 1999) ("Luedtke's vague allegation of a conspiracy among the defendants to beat, assault, injure, harass and retaliate against him are not enough. These allegations are insufficient and lack the specificity necessary to show an imminent threat of serious physical injury."). Furthermore, "self-inflicted injuries do not suffice. A prisoner cannot create the imminent danger so as to escape the three strikes provision of the PLRA. To hold otherwise would eviscerate the rule. Every prisoner would then avoid the three strikes provision by threatening suicide." Wallace v. Cockrell, No. 3:03-MC-98-K, 2003 WL 22961212, at *2 (N.D. Tex. Oct. 27, 2003).

Plaintiff has raised the claims previously.  Plaintiff also failed to adequately identify the Defendants and he did not provide the Court with any copies of the Complaint for service of process upon the Defendants.  Finally, he failed to either file a request to proceed as a pauper or pay the $250.00 filing fee.

Accordingly, for all of the above-stated reasons, it is now

**ORDERED AND ADJUDGED:**

1.   Plaintiff Osyterback is **DISMISSED** from this action for his failure to sign the Complaint.

2.   All class action allegations are **STRICKEN.**

3.   This case is **DISMISSED** without prejudice.

4.   The Clerk of the Court shall enter judgment dismissing this case without prejudice.

5.   The Clerk of the Court shall close this case.

**DONE AND ORDERED** at Jacksonville, Florida, this 20th day of July, 2005.

_____
UNITED STATES DISTRICT JUDGE

ps 7/20
c:
Anthony L. Cooper